UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV582-3-W
(3:07CR173)

| | |
|---|---|
| WILLIAM A. MCDOWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion for Reconsideration filed on December 3, 2010 (Doc. No. 5). For the reasons stated herein, the Petitioner's motion will be dismissed.

## I. Procedural History

Petitioner was convicted by a jury of conspiracy to defraud the United States, money laundering, and aiding and abetting mail fraud, 18 U.S.C. §§ 371, 1341, 1956(h) (2006), and was sentenced to a total term of 108 months imprisonment. He noted a timely appeal and his counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he asserted that there were no meritorious issues for appeal but questioned whether the district court erred in assigning a sixteen-level increase to Petitioner's base offense level based on the amount of loss involved. Petitioner filed pro se supplemental briefs in which he challenged this Court's calculation of loss attributable to him at sentencing. Petitioner also argued that his rights under the Speedy Trial Act were violated and that he was denied the effective assistance of counsel on this basis and

1

because his counsel failed to raise the issue of credits and exclusions for sentencing purposes under 2D1.1 of the Sentencing Guidelines, and failed to raise actual innocence under the money laundering statute. Petitioner argued that his ineffective assistance of counsel claims could be considered by the Court of Appeals because they were clear from the record. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

On July 16, 2010, the Fourth Circuit issued an unpublished opinion affirming Petitioner's conviction and sentence. United States v. McDowell, 2010 WL 2802738 (4th Cir. July 10, 2010) (unpublished). With respect to Petitioner's Speedy Trial Act violation, the Court noted that Petitioner's counsel did not move to dismiss the indictment based on the Act and therefore had waived the claim, but concluded that "[i]n any event, we find this claim meritless as the delays in the commencement of McDowell's trial resulted from his motions to continue, all of which were granted." Id. at * 2. With respect to the loss calculation claim, the Court concluded that "the district court did not clearly err in finding that the amount of loss for sentencing purposes was the aggregate face amount of the fraudulent loans issued." Id. at * 1. Petitioner did not file a petition for certiorari in the United States Supreme Court. On November 8, 2010. Petitioner filed the instant Motion to Vacate in which he contends that his counsel was ineffective for failing to move to dismiss the indictment under the Speedy Trial Act and for failing to object to the loss amount under 2B1.1(D) and (E) under the Sentencing Guidelines. By Order dated November 22, 2010 this Court denied and dismissed Petitioner's Motion to Vacate concluding that Petitioner's claims that his counsel was ineffective for failing to move to dismiss the Indictment based on a violation of the Speedy Trial Act and for failing to object to the loss amount were procedurally barred by the Fourth Circuit's July 10,

2010 unpublished decision.[1] (Doc. No. 2).

On December 3, 2010, Petitioner filed the instant Motion for Reconsideration in which he argues that his claims are not procedurally barred by the Fourth Circuit's July 10, 2010 opinion and that his claims of ineffective assistance of counsel have merit and should not have been dismissed. (Doc. No. 5).

## II. Analysis

Petitioner cites to both Rule 59(e) and Rule 60(a) and (b)(5) in support of his Motion for Reconsideration. Although Rule 59(e) does not provide any standard specifying when the grant of such a motion is appropriate, the Fourth Circuit has recognized three alternative grounds: (1) "'to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Clapper v. Chesapeake Conference of Seventh-Day Adventists, 166 F.3d 1208 (4th Cir. 1998) (unpublished decision) quoting Pacific Ins. Co. V. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). None of these avenues of relief is apposite here, since none arises naturally from the contentions made in Petitioner's motion. Petitioner has not cited an intervening change in the law, new evidence not previously available, or a clear error of law.

Rule 60(a) allows for relief from a final judgment or order based on clerical mistakes, oversights or omissions. Rule 60(b)(5) provides as a ground for relief from a final judgment or order that "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that

---

[1] The Court noted that to the extent the Fourth Circuit did not impliedly decide the specific loss issue as it related to Petitioner's ineffective assistance of counsel claim, such claim is denied in that Petitioner did not establish the prejudice required pursuant to Strickland v. Washington, 466 U.S. 668 (1984).

3

has been reversed or vacated; or applying it is no longer equitable." Petitioner has not cited a clerical mistake, oversight or omission and his citation to Rule 60(b)(5) is not appropriate to the facts of this case. Rather, by filing this Motion, Petitioner essentially seeks to reargue his Motion to Vacate filed pursuant to 28 U.S.C. § 2255, which, as stated above, this Court denied by Order dated November 22, 2010. (Doc. No. 2).

Petitioner disagrees with the legal conclusions made by this Court and is now attempting to have this Court relitigate his claims directly attacking his conviction and sentence. This is generally not permitted and is considered to be a successive petition. A successive petition is available only in limited circumstances and while Petitioner cites to both Rule 59 and Rule 60 in his Motion for Reconsideration, courts must not allow prisoners to circumvent these limited circumstances by attaching labels other than "successive application" to their pleadings. Calderon v. Thompson, 523 U.S. 538, 553 (1998). The Fourth Circuit has instructed that while there "may be no infallible test" for distinguishing between a proper motion to reconsider from a successive petition, "a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive petition." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). Further, "new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available [pursuant to a proper motion for reconsideration] but instead continuing his collateral attack of his conviction or sentence.² However, an example of a proper

---

² The Court notes that Petitioner's original ineffective assistance of counsel claim raised in his Motion to Vacate regarding loss amounts was "[i]neffective assistance of counsel (Pre-Trial/Sentencing) Counsel's representation was unreasonable for failing to discover and object to loss amount under U.S.S.G. 2B1.1(D) Exclusions from loss and (E) Credits against Loss." Petitioner did not specify what specific evidence his counsel should have discovered. The Court concluded that Petitioner did not establish prejudice for his counsel's failure to object to the loss amount pursuant to 2B1.1(D) and (E) of the Sentencing Guidelines. In the instant motion,

4

motion for reconsideration, in the habeas context, is an allegation that government agents perpetrated a fraud on the court during the collateral review proceedings. Id. (Petitioner's motion for reconsideration arguing that (1) the court erred in refusing to apply Apprendi retroactively, (2) his appellate lawyer provided ineffective assistance of counsel in failing to raise his Apprendi claims, and (3) his lawyer performed deficiently in failing to disclose that he had been imprisoned and disbarred, was a successive petition over which the district court had no jurisdiction).

Here, Petitioner is clearly continuing to attack his sentence and conviction and therefore, this Court will construe his Motion as a successive petition. The Antiterrorism and Effective Death Penalty Act requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the District Court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). Thus, this Court may not consider the merits of Petitioner's claims in his motion to reconsider because he failed to first certify his motion with the Fourth Circuit Court of Appeals before filing it in the District Court.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration is dismissed because it is a successive petitioner filed without authorization by the

---

Petitioner now attempts to argue that this Court did not consider the part of his claim that his counsel failed "to find and present to the district court the documents and other evidence showing the fair market value of the subject homes, which would have shown that the loss amount was substantially less that the aggregate face amount of the loans." This newly "fleshed out claim" falls far short of establishing deficiency and prejudice pursuant to the two-prong test required to establish ineffective assistance under Strickland v. Washington. The claim should have been fleshed out in his Motion to Vacate and in any event, does not alter the Court's analysis.

5

Fourth Circuit Court of Appeals.

Signed: December 6, 2010

Frank D. Whitney
United States District Judge